# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| VICKI WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-04170-CV-RK |
| | ) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE ALJ'S DECISION

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of the Social Security Administration's ("SSA's") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintif has the following severe impairments: "Degenerative disc disease of the lumbar spine with surgery; lumbar radiculopathy; failed back syndrome; sacroiliitis; osteoarthritis of both knees; chronic obstructive pulmonary disorder ('COPD') with emphysema; morbid obesity; and major depressive disorder." However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work[1] with the following limitations:

> [s]he cannot climb ropes, ladders, or scaffolds and no more than occasional climbing on ramps and stairs, stooping, kneeling, crouching, or crawling; she should avoid concentrated exposure to temperature extremes, wetness, humidity and even moderate exposure to pulmonary irritants such as gas, fumes, odors, dust, and workspace with poor ventilation; she is able to understand, remember, and carry out simple instructions consistent with unskilled work; and she can tolerate occasional interaction with co-workers and supervisors but in small numbers and for short periods of time, no tandem tasks and work is done relatively independently with minimal, superficial interaction with the general public.

Finally, the ALJ found that although Plaintiff is unable to perform her past relevant work as a nursing assistant or home attendant, she can perform jobs that exist in significant numbers in the national economy, such as the jobs of routing clerk, folding machine operator, and mail clerk. The ALJ then concluded that Plaintiff is not disabled.

On appeal, Plaintiff argues that the RFC is not supported by substantial evidence. Specifically, Plaintiff argues that (1) the medical evidence showed that Plaintiff was more limited than assessed in the RFC, (2) that there is no medical evidence supporting the RFC, (3) that the ALJ did not connect her conclusions with the evidence, and (4) that the ALJ improperly discounted the opinion of her treating nurse practitioner.

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. . . ." 20 C.F.R. § 416.967(b).

The first argument is an invitation to re-weigh the evidence, which the Court will not do. *Guilliams*, 393 F.3d at 801 (the Court does not "re-weigh the evidence").

The second argument fails because, as discussed below, Plaintiff's treatment records constitute medical evidence that support the RFC. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (treatment records may constitute sufficient medical evidence; a specific medical opinion is not required).

The third argument fails because the ALJ linked her findings to evidence in the record. Regarding Plaintiff's allegations of back, hip, and knee pain, the ALJ found (Tr. 21) and the record contains evidence of a usually normal gait (Tr. 50, 168, 568, 586, 748, 758, 912, 952); full strength in the lower extremities (Tr. 613, 763); failure to follow up on recommendations for treatment with a "dorsal column stimulator" and potential recommendations to pursue physical therapy and treatment with a "TENS unit" (Tr. 65, 87, 588, 596, 604, 610, 613, 617, 764, 960); and reports of 10/10 pain, despite the lack of emergency care[2] and physicians' reports stating she was in no acute distress (Tr. 48-50, 59-63, 607-09, 612-15, 955-58). *See Steed v. Astrue*, 524 F.3d 872, 875-76 (8th Cir. 2008) (mild or unremarkable objective medical findings and other medical evidence may constitute evidence sufficient to support an RFC finding); *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) (an ALJ may properly consider the claimant's noncompliance with a treating physician's directions, including failure to seek treatment); *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004) ("an ALJ may disbelieve a claimant's subjective reports of pain because of inherent inconsistencies or other circumstances")

Regarding Plaintiff's COPD with emphysema, the ALJ found (Tr. 21) and the record contains evidence that Plaintiff's treatment was routine and conservative, in that her respiratory condition was controlled with medication (Tr. 569); her lungs were typicaly clear upon examination (Tr. 786, 796, 841, 880, 886); her emergency room visits pertained to other issues (Tr. 112-13, 685, 746, 837, 842, 898); and she did not follow her doctor's orders to wear oxygen at all times prior to her surgery, despite reporting improvements with oxygen (Tr. 200, 795, 797). *See Moore v. Astrue*, 572 F.3d 524, 525 (8th Cir. 2009) (legitimate for an ALJ to consider a plaintiff's limited and conservative treatment); *Choate*, 457 F.3d at 872 (an ALJ may consider noncompliance with doctors' orders).

---

[2] Although Plaintiff went to the emergency room once for pain in her leg and finger, this was due to a fall rather than joint pain. (Tr. 112-13.)

Regarding Plaintiff's depression, the ALJ found (Tr. 21-22) and the record contains evidence that her mental status exams were largely normal (Tr. 786, 802, 880, 952, 959); that her doctors never recommended counseling or therapy (Tr. 205-06); and that her emergency and inpatient hospital visits were for other issues (Tr. 112-13, 685, 746, 808, 837, 842, 898). *See Steed*, 524 F.3d at 875-76 (mild or unremarkable medical evidence may support the RFC); *Moore*, 572 F.3d at 525 (limited and conservative treatment may support the RFC).

And regarding activities of daily living, the ALJ found that Plaintiff engaged in somewhat normal activities. (Tr. 22.) The ALJ found and the record contains evidence that she was able to and often did prepare meals with her husband, wash dishes, clean the toilet, do laundry, shop for groceries with her husband, attend her doctors' appointments, and play video games for 20 minutes at a time. (Tr. 22, 203-04, 501-11.) *See, e.g.*, *Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014) (substantial evidence supported the RFC where the claimant was not restricted in daily activities, such as laundry, light housework, cooking meals, and grocery shopping); *Vance v. Berryhill*, 860 F.3d 1114, 1121 (8th Cir. 2017) ("The inconsistency between [the claimant's] subjective complaints and evidence regarding her activities of daily living also raised legitimate concerns about her credibility.").

Finally, Plaintiff argues that the ALJ improperly discounted the opinion of her nurse practitioner, who stated that Plaintiff could work only one or two hours a day due to her respiratory condition and shortness of breath. (Tr. 779-80.) The ALJ gave only partial weight to this opinion becaues it was approximately one month prior to Plaintiff's March 2017 heart surgery, and after the surgery, medical reports showed that Plaintiff's lungs were clear and that she was not required to wear oxygen at all times. (Tr. 23.) Under SSA regulations, a nurse practitioner is not an acceptable medical source, so the opinion was not entitled to controlling weight. *Lacroix v. Barnhart*, 465 F.3d 881, 885-86 (8th Cir. 2006). But even if it were from an acceptable medical source, it would not automatically control if it were inconsistent with other substantial evidence in the record. *Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014).

Here, there was substantial evidence supporting the ALJ's conclusion. Plaintiff contends that the ALJ's reasoning is insufficient and inconsistent with post-operative records showing that she continued to complain about fatigue and trouble breathing after her surgery. (Doc. 7 at 16-17; Tr. 815, 821, 880, 886, 889, 955, 963.) However, Plaintiff fails to explain how her functioning was still limited to the extent recognized by the nurse practitioner. *See*

4

*Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) ("[T]he burden is on the claimant to establish his or her RFC."). Furthermore, some of this evidence was immediately after the surgery (Tr. 815, 821), and other evidence suggests that she was "doing well post op;" that her "[s]hortness of breath [wa]s improving;" that her lungs were clear; and that she was breathing "easily" and "comfortably." (Tr. 50, 885, 888, 954, 963). Due to the conflicting evidence in the record, there is substantial to support the ALJ's discounting of the nurse practitioner's opinion. *See Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) ("A court will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence.").

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                        s/ Roseann A. Ketchmark
                                                       ROSEANN A. KETCHMARK, JUDGE
                                                       UNITED STATES DISTRICT COURT

DATED: August 14, 2019